## Rabuck v. Rabuck

*Raymond Brennan,* for libellant.

*J. F. Mahoney,* for respondent.

PALMER, P. J., July 23, 1945.—On June 19, 1942, the court awarded a subpœna in divorce upon the motion of this libellant and the action was indexed as 330, July term, 1942.

To the libel filed, defendant made answer and on August 10, 1943, a petition was presented by libellant praying the court for leave to amend the libel by adding an additional ground.

Notwithstanding the fact that this petition was not disposed of, libellant, on February 14, 1945, was awarded another and new subpœna in divorce, which action was indexed to 465, March term, 1945.

Respondent then obtained a rule to show cause why this last libel should not be dismissed on the ground that 330, July term, 1942, was then pending. To this rule no answer was filed.

On May 28, 1945, we made an order, on motion of the attorney for libellant, discontinuing the 330, July term, 1942, action. The petition upon which this order was based was presented to us in motion court and was made by us without carefully reading the petition.

Had we been given ample opportunity to read the petition and examine the record, we would not have made the order for discontinuance and hence we now hold that the order was both inadvertently and improvidently made.

"Discontinuance of a divorce proceedings is not an unrestricted right but a qualified privilege, exercisable only by leave of court. The privilege should not be arbitrarily refused, nor should it be carelessly granted": Kettering v. Kettering, 46 Pa. C. C. 514 (syllabus).

In the instant case the rule to show cause why the last libel should not be dismissed on the ground that the former action was still pending, had not been disposed of, and, of course, if we had been fully aware as to this state of the record, the order of discontinuance would not have been made, and we conclude that it was, therefore, carelessly granted.

And now, July 23, 1945, respondent's rule to show cause why the libel and action in divorce returnable to 465, March term, 1945, should not be dismissed is made absolute and the said libel is dismissed at. the cost of libellant; and in addition the order granting a discontinuance of the action to 330, July term, 1942, is vacated.

And now, July 23, 1945, upon motion of Raymond L. Brennan, Esq., attorney for libellant, an exception is allowed and bill sealed.